Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000711
16-FEB-2016
09:14 AM

NO. CAAP-15-0000711

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

ROBERT E. WIESENBERG, Plaintiff-Appellant,
v.
UNIVERSITY OF HAWAII; JOHN DOES 1-50; JANE DOES 1-50; DOE
CORPORATIONS 1-50; DOE ENTITIES 1-50; DOE GOVERNMENTAL
UNITS/ENTITIES 1-50, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-2248-08)

ORDER GRANTING NOVEMBER 24, 2015 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Ginoza, JJ.)

Upon review of (1) Defendant-Appellee University of
Hawaii's (Appellee University of Hawaii) November 24, 2015 motion
to dismiss appellate court case number CAAP-15-0000711 for lack
of appellate jurisdiction, (2) Plaintiff-Appellant Robert E.
Wiesenberg's (Appellant Wiesenberg) December 2, 2015 memorandum
in opposition to Appellee University of Hawaii's November 24,
2015 motion to dismiss, and (3) the record, it appears that we do
not have appellate jurisdiction over Appellant Wiesenberg's
appeal from the Honorable Virginia L. Crandall's June 3, 2015
judgment. Although Appellant Wiesenberg purports to appeal from
a September 21, 2015 amended judgment, the appealable final
judgment in this case is the June 3, 2015 judgment, and Appellant
Wiesenberg's September 30, 2015 notice of appeal is untimely

under Rule 4(a)(3) of the Hawai'i Rules of Appellate Procedure (HRAP) as to a directly related July 31, 2015 post-judgment order granting in part and denying in part Appellee University of Hawaii's June 4, 2015 post-judgment motion for attorneys' fees and costs.

Under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2015), "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994) (emphasis added). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore, "an appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338.

The June 3, 2015 judgment resolved all claims against all parties by entering judgment in favor of Appellee University of Hawaii and against Appellant Wiesenberg on all claims in this case. Therefore, the June 3, 2015 judgment was an immediately appealable final judgment pursuant to HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins.

Pursuant to HRAP Rule 4(a)(3), Appellee University of Hawaii extended the initial thirty-day time period under HRAP

2

Rule 4(a)(1) for filing a notice of appeal by timely filing its June 4, 2015 HRCP Rule 54(d)(2)(B) motion for attorneys' fees and costs within fourteen days after entry of the June 3, 2015 judgment. HRAP Rule 4(a)(3) "provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of when the notice of appeal is filed." Buscher v. Boning, 114 Hawai‘i 202, 221, 159 P.3d 814, 833 (2007).

In the instant case, the circuit court triggered the extended thirty-day time period under HRAP Rule 4(a)(3) for any party to file a notice of appeal from the June 3, 2015 judgment by entering the July 31, 2015 post-judgment order granting in part and denying in part Appellee University of Hawaii's June 4, 2015 motion for an award of attorneys' fees and costs. The circuit court's subsequent entry of the September 21, 2015 amended judgment did not postpone the time period under HRAP Rule 4(a)(3) for filing a notice of appeal from the circuit court's adjudication of the substantive issues in this case, because the September 21, 2015 amended judgment merely repeated the substantive adjudication in the June 3, 2015 judgment, and merely added the circuit court's July 31, 2015 award of attorney's fees, as well as a reference to the statutory right to obtain interest on the award at an annual rate of ten percent.

When, as here, a trial court has entered two judgments on the same substantive claims, the following general rule applies:

> The general rule is that <u>where a judgment is amended in a material and substantial respect, the time within which an appeal from such determination may be taken begins to run from the date of the amendment</u>, although where the amendment relates only to the correction of a clerical error, it does not affect the time allowed for appeal.

Poe v. Hawai‘i Labor Relations Board, 98 Hawai‘i 416, 418, 49 P.3d 382, 384 (2002) (citation, internal quotation marks, and ellipsis points omitted; emphasis added); State v. Mainaaupo, 117 Hawai‘i 235, 246 n.6, 178 P.3d 1, 12 n.6 (2008).

> If the amendment of a final judgment or decree for the purpose of correcting a clerical error either materially alters rights or obligations determined by the prior

3

> judgment or decree or creates a right of appeal where one did not exist before, the time for appeal should be measured from the entry of the amended judgment. <u>If, however, the amendment has neither of these results, but instead makes changes in the prior judgment which have no adverse effect upon those rights or obligations or the parties' right to appeal, the entry of the amended judgment will not postpone the time within which an appeal must be taken from the original decree</u>.

<u>Poe v. Hawai'i Labor Relations Board</u>, 98 Hawai'i at 418, 49 P.3d at 384 (citations, internal quotation marks, and original brackets omitted; emphasis added).

With respect to the inclusion of the circuit court's July 31, 2015 award of attorneys' fees in the September 21, 2015 amended judgment, once the circuit court entered the July 31, 2015 post-judgment order awarding attorneys' fees and costs, there was no need for the circuit court to subsequently reduce the award of attorneys' fees to a separate judgment because

> the rule in <u>Jenkins</u>[ v. Cades Schutte Fleming & Wright] - to wit, that circuit court orders resolving claims against the parties must generally be reduced to a judgment and the judgment must be entered in favor of or against the appropriate parties pursuant to HRCP Rule 58 before an appeal may be taken - is <u>limited to circuit court orders disposing of claims raised in a circuit court complaint</u>.

<u>Ditto v. McCurdy</u>, 103 Hawai'i 153, 159, 80 P.3d 974, 980 (2003) (emphases in original text). "The entry of judgment and taxation of costs are separate legal acts." <u>CRSC, Inc. v. Sage Diamond Co., Inc.</u>, 95 Hawai'i 301, 307, 22 P.3d 97, 103 (App. 2001) (citation, internal quotation marks and brackets omitted). In fact, HRCP Rule 58 specifically provides that "[t]he entry of the judgment shall not be delayed for the taxing of costs." Consequently, although a separate judgment is usually necessary for an appeal from dispositive rulings on substantive claims under HRS § 641-1(a), HRCP Rule 58 and the holding in <u>Jenkins</u>, "the separate judgment requirement articulated in <u>Jenkins</u> is inapposite in the post-judgment context." <u>Ditto v. McCurdy</u>, 103 Hawai'i at 158, 80 P.3d at 979; <u>Carlisle v. One (1) Boat</u>, 119 Hawai'i at 254, 195 P.3d at 1186 (Citing <u>Ditto v. McCurdy</u> and acknowledging that "certain exceptions to this rule [in <u>Jenkins</u>]

4

have been recognized, specifically, with regard to post-judgment orders[.]"). For example, a post-judgment order, by itself, which finally determines a post-judgment motion for attorneys' "fees and interest is an appealable final [post-judgment] order under HRS § 641-1(a)." Chun v. Board of Trustees, 106 Hawai'i 416, 429 n.12, 106 P.3d 339, 352 n.12 (2005). Once a circuit court has entered an appealable final judgment and an appealable post-judgment order, any subsequent judgment on the same appealable post-judgment order is "superfluous[.]" Ditto v. McCurdy, 103 Hawai'i at 160, 80 P.3d at 981. Therefore, in the instant case, the inclusion of the circuit court's July 31, 2015 award of attorneys' fees in the September 21, 2015 amended judgment was superfluous for the purpose of perfecting any party's right to appeal from the substantive adjudication that was already in the June 3, 2015 judgment.

Similarly superfluous was the circuit court's inclusion in the September 21, 2015 amended judgment of a provision that simply reiterated the statutory right to obtain interest on the award at an annual rate of ten percent. HRS § 478-3 (2008) expressly provides that "[i]nterest at the rate of ten per cent a year, and no more, shall be allowed on any judgment recovered before any court in the State, in any civil suit." (Emphases added). The law under HRS § 478-3 applies to "any judgment" in "any civil suit" regardless whether the judgment includes an express reference to HRS § 478-3. "In the absence of express statutory authority governing the payment of interest in a specific type of claim, HRS § 478-3, governing the payment of interest in civil judgments generally, applies." Metcalf v. Voluntary Emps.' Benefits Ass'n, 99 Hawai'i 53, 60, 52 P.3d 823, 830 (2002) (citation omitted). "Where a judgment results in an award of money, the prevailing party is ordinarily entitled to 'total' compensation. Under these circumstances, HRS § 478-3 is applicable." Id. at 60-61, 52 P.3d at 830-31. Therefore, the language in the September 21, 2015 amended judgment that merely reiterated the statutory right under HRS § 478-3 to interest on

5

any judgment in any civil suit was superfluous for the purpose of perfecting any party's right to appeal from the substantive adjudication that was already in the June 3, 2015 judgment.

The September 21, 2015 amended judgment did not amend the substantive language in the June 3, 2015 judgment in a substantial and material respect. Consequently, once the circuit court entered the July 31, 2015 post-judgment order granting in part and denying in part Appellee University of Hawaii's June 4, 2015 post-judgment motion for an award of attorneys' fees and costs, the parties had thirty days to file a notice of appeal. Appellant Wiesenberg did not file his September 30, 2015 notice of appeal within thirty days after entry of the July 31, 2015 post-judgment order, as HRAP Rule 4(a)(3) required for a timely notice of appeal from the June 3, 2015 judgment under these circumstances. Therefore, Appellant Wiesenberg's September 30, 2015 notice of appeal is untimely under HRAP Rule 4(a)(3).

Appellant Wiesenberg additionally argues that we should deny Appellee University of Hawaii's November 24, 2015 motion to dismiss for lack of appellate jurisdiction because Appellee University of Hawaii lulled Appellant Wiesenberg into inaction when Appellee University of Hawaii drafted its proposed version of the September 21, 2015 amended judgment and submitted it for Appellant Wiesenberg's review before the thirty-day time period under HRAP Rule 4(a)(3) had expired. Nevertheless, even assuming, arguendo, that Appellant Wiesenberg's factual allegation regarding lulling is true, the Supreme Court of Hawai'i has consistently held that the failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise of judicial discretion. Bacon v. Karlin, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986); HRAP Rule 26(b) ("[N]o court or judge or justice is authorized to change the jurisdictional requirements contained in Rule 4 of these rules."); HRAP Rule 26(e) ("The reviewing court for good cause shown may relieve a party from a default occasioned by any

6

failure to comply with these rules, except the failure to give timely notice of appeal."). Therefore,

IT IS HEREBY ORDERED that Appellee University of Hawaii's November 24, 2015 motion to dismiss for lack of appellate jurisdiction is granted, and appellate court case number CAAP-15-0000711 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, February 16, 2016.

Presiding Judge

Associate Judge

Associate Judge